

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers
~~XXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Dr. George W. Cox
State Health Officer
Texas State Board of Health
Austin, Texas

Opinion No. O-6943

Re: Revenue Bonds,
    issuance of

Dear Sir:

We are in receipt of your opinion request of November 16, 1945, and quote from your letter as follows:

"The Community of Portland is very anxious to place into operation a sewer system, and in this connection a discussion of amendments by the Forty-Ninth Legislature to Articles 1086 and 1087 brought up the following questions:

1. Portland wants to incorporate about the middle of January; suppose they do incorporate, but do not desire to levy tax in the new city; can they, under the statute mentioned above, proceed to issue revenue bonds for a complete new sewer system? If so, can they include purchase of the water system in these revenue bonds?

2. Will a revenue bond issue have to be voted on by the citizens?

3. If the new city has to levy the maximum tax rate, is not this rate independent of the valuation placed on the property? In other words, could the valuation be held very low and the tax rate at the maximum figure and in this way comply with the statute?

4. Does the statute mentioned above cover sewer extensions only, or will it cover an entirely new sewer system?

Your opinion on the above questions will be greatly appreciated."

We understand from the four questions asked by you that you are primarily interested in whether or not a city or

town can issue water works and sewer system revenue bonds. We will attempt to answer your questions in a general discussion of the authority of towns or cities to issue such bonds.

The power to issue bonds for public improvements, or for money borrowed for the purpose of acquiring such improvements, is a power which is regarded as being beyond the scope of power of the governing body of a city or county, unless it shall be specially granted. This extraordinary power, when granted, can be exercised only in the mode and for the purposes specified in the grant. Foster v. City of Waco, 225 S.W. 1104; Keel v. Pulte, 10 S.W. 692.

After a careful reading of Articles 1086 and 1087, Revised Civil Statutes of Texas, we find no grant of authority in these statutes to issue revenue bonds for the purpose of constructing a sewer system or waterworks system. Therefore, a city or town has no authority to issue revenue bonds under these particular statutes.

Before any city or town may issue revenue bonds, said municipality must be legally incorporated under the laws of Texas and adopt Title 28 of the Revised Civil Statutes of Texas. When this procedure has been properly adopted, then the city or town has authority to issue revenue bonds, as provided in Articles 1111-1118, Revised Civil Statutes of Texas.

Under the provisions of said Articles all cities or towns have the power to build and purchase, to mortgage and encumber their light systems, water systems, sewer systems, or sanitary disposal equipment and appliances, or gas systems, parks and swimming pools, either or all, the the franchise and income thereof, and everything pertaining thereto acquired or to be acquired, and to evidence the obligation by the issuance of bonds, notes or warrants.

We call your attention to the fact that the law provides, and the courts have so held, that no revenue bonds, notes or warrants shall be issued against any system which already has any such indebtedness outstanding until such outstanding indebtedness is fully paid off.

These systems cannot be encumbered for more than $5,000.00, except for purchase money or to refund any outstanding indebtedness, unless the governing body is authorized to do so by majority vote of the qualified property taxpaying voters, voting at an election ordered and held as in the case of the issuance of other municipal bonds.

Although no election is required to issue revenue bonds to purchase an existing utility system, or to construct a new one, it is necessary to publish notice of intention to issue such bonds before the governing body has authority to do so. Article 2368a Revised Civil Statutes of Texas. This notice must be published once each week for two consecutive weeks, the first publication to be not less than fourteen days prior to the date on which such bonds are to be authorized.

If by the time fixed for authorizing such bonds, ten per cent of the qualified property taxpaying voters who own taxable property in such city, and who have duly rendered same for taxation, present a petition to the governing body asking that an election be held on the question, it is mandatory on the governing body to order such an election.

While the law does not require an election to be held on the question of issuing revenue bonds to purchase and construct a utility system, the governing body may order such an election if it so desires. It has become a rather common practice for most municipalities to submit the question to a vote in order to ascertain the will of the people. Under this plan of financing, the net revenues of such systems are pledged solely to the payment of the principal and interest of the bonds, notes or warrants, and the holders of such securities do not have the right to demand payment of principal or interest out of funds raised by taxation. The physical properties of such system may also be mortgaged to secure such indebtedness and the holders of the indebtedness under such mortgage may be granted a franchise to operate the system for a period of not more than twenty years in the event of foreclosure. Revenue bonds and notes are not considered a debt of the city or town and do not operate against its power to issue bonds for other purposes.

Revenue bonds may or may not be submitted to the Attorney General for his approval and to the State Comptroller for registration.

The sewer system and the waterworks bonds may be voted at the same election, provided the propositions are separately and distinctly submitted to the qualified voters. If both propositions carry, then the bonds may be combined in the bond ordinance and issued for the purpose of constructing a sewer system and purchasing a water system.

As we see it, your question No. 3 has no relation to the issuance of revenue bonds. However, we call your attention

to the fact that cities and towns have their own tax assessor and collector and board of equalization, and therefore may fix the valuations of the property for the purpose of taxation at any figure not in excess of its true worth.

Trusting that this answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Claud O. Boothman
Claud O. Boothman, Assistant

APPROVED NOV 27, 1945
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

COB:vwb:wb